## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KAYLA SOLOMON, and**
**SUMMER PRIZEVOITS,**

     **Plaintiffs,**

                                 **CASE NO.:**

**v.**

**AFFORDABLE DENTURES &**
**IMPLANTS – ST. PETERSBURG, P.A., and**
**AFFORDABLE DENTURES DENTAL**
**LABORATORIES, LLC,**

     **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kayla Solomon, ("Plaintiff Solomon"), and Plaintiff Summer Prizevoits, ("Plaintiff Prizevoits"), by and through undersigned counsel, brings this action against Defendant, Affordable Dentures & Implants-St. Petersburg, P.A., ("Defendant Affordable Dentures"), and Defendant, Affordable Dentures Dental Laboratories, LLC, ("Defendant Affordable Laboratories"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., as well as as amended by the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) ("PDA"),

the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq., and the Americans with Disability Act, 42 U.S.C.A. §§ 12101 *et seq*.

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims.

3.     Venue is proper in this district, because all of the events giving rise to these claims occurred in Pinellas County which is in this district.

## **PARTIES**

4.     Plaintiff Solomon is a resident of Pinellas County, Florida.

5.     Plaintiff Prizevoits is a resident of Pasco County, Florida.

6.     Defendant Affordable Dentures is a Florida Corporation and operates a dentistry office in Pinellas County, Florida.

7.     Defendant Affordable Laboratories is a foreign corporation registered to do business in Florida and operates a denture laboratory out of the same office as Defendant Affordable Dentures in Pinellas County, Florida.

8.     At all times relevant to this complaint, both Defendants operated out of the same location.

9.     The managing entity for Defendant Affordable Laboratories is Affordable Care, LLC, which is also the entity that initiated the corporate formation of Defendant Affordable Dentures.

10.     Both Defendants have, through their course of existence, shared corporate officers including David Slezak and Jon Vitiello.

2

11.     Both Defendants have shared Human Resources personnel, including but not limited to Amy Weeks who interacted with both Plaintiffs.

12.     Both Defendants have shared administrative functions through Defendant Affordable Laboratories' managing entity, Affordable Care LLC.

13.     Defendants, together, share the same employment handbooks applicable to both Defendants.

14.     The Defendants share or co-determine the matters governing the essential terms and conditions of employment, including employment policies such as discrimination policies at issue here.

15.     Defendants entered into a joint employer relationship and are authorized as "joint-employers" by virtue of their rigorous control over all of the individual employees, exercised direct supervision over the Plaintiffs, and each Defendant had the right to hire, fire, or modify the employment relationship with Plaintiffs.

16.     Defendants are also the single employer of Plaintiffs due to the interrelations of operations, centralized control of labor relations, common management and common ownership or financial control.

17.     Defendants have acted as the agents for one another in the hiring and termination of both Plaintiffs.

## **GENERAL ALLEGATIONS**

18.     Plaintiffs have satisfied all conditions precedent, or they have been waived.

19.     Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

20.     Plaintiffs request a jury trial for all issues so triable.

21.     At all times material hereto, Plaintiffs were employees of Defendant Affordable Dentures and Defendant Affordable Laboratories.

22.     At all times material hereto, Defendants employed fifteen (15) or more employees. Thus, Defendants are an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

23.     At all times material hereto, Plaintiffs were employees of Defendants within the meaning of Title VII.

24.     At all times material hereto, Defendants employed fifteen (15) or more employees. Thus, Defendants are "employers" within the meaning of Title VII.

25.     At all times material hereto, Plaintiffs performed the job for which they were hired in a satisfactory manner.

## FACTS

### Plaintiff Solomon

26.     Plaintiff Solomon began working for Defendants on September 14, 2018 as a Doctor's Assistant, and she worked in this capacity until August 3, 2020.

27.     Plaintiff Solomon is female.

28.     Thus, Plaintiff Solomon is a member of a protected class, and as such benefits from the protections of the FCRA and Title VII.

4

29.     Defendants' Laboratory Manager, Domingo Martinez ("Martinez"), began making unwelcomed sexual advances towards Plaintiffs during their employment with Defendants.

30.     By way of example and not limitation, on or about June 2, 2020, Martinez approached Plaintiff Solomon as she was leaving, leaned in towards her face, and attempted to kiss Plaintiff.

31.     Plaintiff Solomon refused his attempt to kiss her and told Martinez to stop.

32.     However, Martinez did not stop and instead he leaned in to Plaintiff Solomon again and attempted to kiss her for a second time, while putting his hand under her breast and demanding, "Give me a kiss."

33.     Plaintiff Solomon also refused his second attempt to kiss her.

34.     Martinez did not stop his sexual advances towards Plaintiff Solomon and sent her text messages declaring his love for her.

35.     Shortly thereafter, Martinez overheard Plaintiff Solomon discussing her social life and he proceeded to become angry with Plaintiff Solomon and yelled at her in front of patients.

36.     Plaintiff Solomon reported the sexual harassment to Defendant Affordable Dentures' President, James Vellis, D.D.S., ("Vellis") on or about June 16, 2020.

37.     Vellis worked in the same physical locations as Plaintiff Solomon and Martinez.

38.     On or about June 17, 2020, Plaintiff Solomon advised Vellis that she left the office towards the end of the day despite still having charts to finish because she "did not wat to stay with just me and [Martinez] there."

39.     Shortly thereafter, Defendants' front desk manager, Melanie Ray, ("Ray"), contacted Plaintiff Solomon by way of text message, asking why Plaintiff "was acting like that" and that Plaintiff had better re-evaluate her actions.

40.     Defendants' Human Resources contacted Plaintiff Solomon and, in addition to reporting the sexual harassment from Martinez, Plaintiff reported that she feared retaliation, and specifically feared losing her job.

41.     Shortly after Plaintiff Solomon's contact with Defendant's Human Resources, Plaintiff Solomon received another text message from Ray stating, "Me. You. Doctor. Monday. I'm done."

42.     On or about July 23, 2020, Plaintiff Solomon reported to Defendants' Human Resources personnel Laura Lovell, ("Lovell"), that everything is "not ok here and I don't feel like I can speak to [Vellis]."

43.     Lovell set an appointment to speak with Plaintiff Solomon the next day on July 24, 2020.

44.     However, on July 24, 2020, Plaintiff Solomon called Lovell at the appointment time and Lovell did not answer.

45.     Lovell failed to return Plaintiff Solomon's call on July 24, 2020.

46.     Plaintiff Solomon sent another text to Lovell on July 24, 2020, complaining that not only had Lovell missed their appointment time, but no

remedial action had been taken since she reported the sexual harassment to Vellis over a month before on June 17, 2020.

47.     Lovell then set another appointment to speak with Plaintiff Solomon on July 26, 2020.

48.     Plaintiff Solomon again called Lovell at the appointment time on July 26, 2020, but Lovell did not answer.

49.     Lovell failed to return Plaintiff Solomon's call on July 26, 2020.

50.     On or about July 27, 2020, Plaintiff Solomon again sent another text message to Lovell advising her that she missed their second appointment.

51.     On or about August 2, 2020, Plaintiff Solomon submitted to Amy Weeks, ("Weeks"), another of Defendants' Human Resources personnel, a request to transfer to a different facility within the "Affordable Care" network.

52.     On or about August 3, 2020, Defendants instructed Plaintiff Solomon to clock out and stop working.

53.     After returning home, Defendants' Human Resources contacted Plaintiff and interrogated her.

54.     On or about August 3, 2020, Plaintiff Solomon received an email from the supervising physician at Defendants' facility stating that her employment was terminated.

55.     On or about August 5, 2020, Defendants informed Plaintiff Solomon that there were no transfers for her.

56.     Plaintiffs Solomon was subjected to disparate treatment and sexual harassment on the basis of her sex.

57.     Plaintiffs Solomon complained about this discrimination to Defendants by reporting it to her superiors and Defendants' Human Resources.

58.     In response, Defendants took no remedial action.

59.     Instead, on or about August 3, 2020, Defendant terminated Plaintiff Solomon's employment in retaliation for her complaints of discrimination on the basis of her sex.

## Plaintiff Prizevoits

60.     Plaintiff Prizevoits began working for Defendants on September 1, 2019 as a Lab Technician, and she worked in this capacity until June 13, 2020.

61.     Plaintiff Solomon is female and, during her employment with Defendants, was also pregnant.

62.     Thus, Plaintiff Solomon is a member of a protected class, and as such benefits from the protections of the FCRA and Title VII.

63.     Martinez also harassed Plaintiff Prizevoits.

64.     The more Plaintiff Prizevoits refused Martinez' sexual advances, the more his demeanor and her working conditions changed.

65.     By way of example and not limitation, Martinez once came up behind Plaintiff Prizevoits while she was working on a computer and began to rub her back and comb his fingers through her hair.

66.     Plaintiff Prizevoits asked Martinez to stop touching her, and his only reply was "Don't flatter yourself."

67.     Martinez also boasted to Plaintiff Prizevoits about cheating on his wife and insinuated he would do the same with Plaintiff Prizevoits.

68.     Due to Plaintiff Prizevoits' rejection of Martinez' sexual advances, he would find fault in Plaintiff's performance, even for things that were not within her job duties.

69.     Defendants offer a ninety (90) day medical leave for its employees.

70.     On June 4, 2020, Plaintiff Prizevoits underwent an emergency Cesarean Section which resulted in serious complications for both her newborn child and herself.

71.     Thus, Plaintiff Prizevoits was a qualified individual with a disability that impacted one or major life functions, who nonetheless could perform the essential functions of her job with or without a reasonable accommodation.

72.     Instead of affording Plaintiff Prizevoits the benefits of the leave policy or a disability–related leave of absences, Defendants terminated Plaintiff Prizevoits nine (9) days after she gave birth, which also terminated her medical insurance.

73.     Defendants claimed Plaintiff Prizevoits had received written coachings, however all of the alleged mistakes were Martinez' errors, and Defendants terminated her only after she gave birth early and was in need of leave.

74.     Defendants terminated Plaintiff Prizevoits for pretextual reasons.

75.     Thus Plaintiff Prizevoits was subjected to disparate treatment due to her disability or being regarded as such.

76.     Defendants terminated Plaintiff Prizevoits because she requested an accommodation for a leave of absence.

77.     Plaintiffs Prizevoits was subjected to disparate treatment and sexual harassment on the basis of her sex and pregnancy

78.     Plaintiffs Prizevoits complained about this discrimination to Defendants by reporting it to her superiors and Defendants' Human Resources.

79.     In response, Defendants took no remedial action.

80.     Instead, on or about June 13, 2020, Defendant terminated Plaintiff Prizevoits' employment in retaliation for her complaints of discrimination on the basis of her sex.

## COUNT I – TITLE VII VIOLATION
### (HARASSMENT AS TO BOTH PLAINTIFFS)

81.     Plaintiffs reallege and readopt the allegations of paragraphs 1-21, and 23-80 of this Complaint, as though fully set forth herein.

82.     Plaintiffs are members of a protected class under Title VII.

83.     Plaintiffs were subjected to unwelcome harassment on the basis of their sex, including unwanted sexual advances from Martinez who was a manager at the same location where Plaintiffs worked.

84.    The harassment suffered by Plaintiffs was sufficiently severe or pervasive to alter the terms and conditions of Plaintiffs' employment with Defendants, up to and including the termination of Plaintiffs' employment.

85.    Defendants knew or should have known of the unwelcome harassment suffered by Plaintiffs, and failed to intervene or to take prompt and effective remedial action in response.

86.    Defendants' actions were willful and done with malice.

87.    Plaintiffs were injured due to Defendants' violations of Title VII, for which Plaintiffs are entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiffs demand:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of Title VII by Defendants;

    d)    Reinstatement of Plaintiffs to a position comparable to Plaintiffs' prior position, or in the alternative, front pay;

    e)    All costs and attorney's fees incurred in prosecuting these claims; and

    f)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII VIOLATION
### (DISCRIMINATION AS TO BOTH PLAINTIFFS)

88.   Plaintiffs reallege and readopt the allegations of paragraphs 1-21 and 23-80 of this Complaint, as though fully set forth herein.

89.   Plaintiffs are members of a protected class under Title VII.

90.   Plaintiffs were subjected to disparate treatment on account of their sex, including terminating Plaintiffs' employment.

91.   Defendants' actions were willful and done with malice.

92.   Plaintiffs were injured due to Defendants' violations of Title VII, for which they are entitled to relief.

**WHEREFORE**, Plaintiffs demand:

a)   A jury trial on all issues so triable;

b)   That process issue and this Court take jurisdiction over the case;

c)   Compensation for lost wages, benefits, and other remuneration;

d)   Reinstatement of Plaintiffs to a position comparable to their prior position, or in the alternative, front pay;

e)   Any other compensatory damages, including emotional distress, allowable at law;

f)   Punitive damages;

g)   Prejudgment interest on all monetary recovery obtained.

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)  For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII/PDA VIOLATION
### (PREGNANCY DISCRIMINATION AS TO PLAINTIFF PRIZEVOITS)

93.  Plaintiff Prizevoits realleges and readopts the allegations of paragraphs 1-25 and 60-80 of this Complaint, as though fully set forth herein.

94.  Plaintiff Prizevoits is a member of a protected class under Title VII.

95.  Plaintiff Prizevoits was subjected to disparate treatment on account of her pregnancy and was terminated by Defendants because she was pregnant.

96.  Defendants' actions were willful and done with malice.

97.  Plaintiff Prizevoits was injured due to Defendants' violations of Title VII, for which she is entitled to relief.

*WHEREFORE*, Plaintiff demands:

j)  A jury trial on all issues so triable;

k)  That process issue and this Court take jurisdiction over the case;

l)  Compensation for lost wages, benefits, and other remuneration;

m)  Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

n)  Any other compensatory damages, including emotional distress, allowable at law;

o)  Punitive damages;

p)     Prejudgment interest on all monetary recovery obtained.

q)     All costs and attorney's fees incurred in prosecuting these claims; and

r)     For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION
### (AS TO BOTH PLAINTIFFS)

98.     Plaintiff realleges and readopts the allegations of paragraphs 1-21 and 23-80 of this Complaint, as though fully set forth herein.

99.     Plaintiffs are members of a protected class under Title VII.

100.     Plaintiffs exercised or attempted to exercise their rights under Title VII, thereby engaging in protected activity under Title VII.

101.     Defendants retaliated against Plaintiffs for engaging in protected activity under Title VII by terminating their employment.

102.     Defendants' actions were willful and done with malice.

103.     In terminating their employment, Defendants took material adverse action against Plaintiffs.

104.     Plaintiffs were injured due to Defendants' violations of Title VII, for which Plaintiffs are entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiffs demand:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiffs for exercising their rights under Title VII;

d)   That this Court enter an injunction restraining continued violation of Title VII by Defendants;

e)   Reinstatement of Plaintiffs to a position comparable to Plaintiffs' prior positions, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

f)   All costs and attorney's fees incurred in prosecuting these claims; and

g)   For such further relief as this Court deems just and equitable.

## <u>COUNT V – FCRA VIOLATION</u>
**(HARASSMENT AS TO BOTH PLAINTIFFS)**

105.   Plaintiffs reallege and readopt the allegations of paragraphs 1-21, 22, 25, and 26-80 of this Complaint, as though fully set forth herein.

106.   Plaintiffs are members of a protected class under the FCRA.

107.   Plaintiffs were subjected to unwelcome harassment on the basis of their sex, including terminating Plaintiffs' employment.

108.   The harassment suffered by Plaintiffs was sufficiently severe or pervasive to alter the terms and conditions of Plaintiffs' employment with Defendants, including but not limited to termination of their employment.

109.   In response, Defendants failed to intervene or take prompt and effective remedial action.

110.   Defendants' actions were willful and done with malice.

111.   Plaintiffs were injured due to Defendants' violations of the FCRA, for which Plaintiffs are entitled to relief.

**WHEREFORE**, Plaintiffs demand:

g)   A jury trial on all issues so triable;

h)   That process issue and that this Court take jurisdiction over the case;

i)   Compensation for lost wages, benefits, and other remuneration;

j)   Reinstatement of Plaintiffs to a position comparable to their prior positions, or in the alternative, front pay;

k)   Any other compensatory damages, including emotional distress, allowable at law;

l)   Punitive damages;

m)   Prejudgment interest on all monetary recovery obtained.

n)   All costs and attorney's fees incurred in prosecuting these claims; and

o)   For such further relief as this Court deems just and equitable.

**COUNT VI – FCRA VIOLATION
(DISCRIMINATION AS TO BOTH PLAINTIFFS)**

112.    Plaintiffs reallege and readopt the allegations of paragraphs 1-21, 22, 25, and 26-80 of this Complaint, as though fully set forth herein.

113.    Plaintiffs are members of a protected class under the FCRA.

114.    Plaintiffs were subjected to disparate treatment on account of their sex, including terminating Plaintiffs' employment.

115.    Defendants' actions were willful and done with malice.

116.    Plaintiffs were injured due to Defendants' violations of the FCRA, for which they are entitled to relief.

**WHEREFORE**, Plaintiffs demand:

s)    A jury trial on all issues so triable;

t)    That process issue and this Court take jurisdiction over the case;

u)    Compensation for lost wages, benefits, and other remuneration;

v)    Reinstatement of Plaintiffs to a position comparable to their prior positions, or in the alternative, front pay;

w)    Any other compensatory damages, including emotional distress, allowable at law;

x)    Punitive damages;

y)    Prejudgment interest on all monetary recovery obtained.

z)    All costs and attorney's fees incurred in prosecuting these claims; and

aa)    For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION
## (PREGNANCY DISCRIMINATION AS TO PLAINTIFF PRIZEVOITS)

117.    Plaintiff Prizevoits realleges and readopts the allegations of paragraphs 1-21, 22, 25, and 60-80 of this Complaint, as though fully set forth herein.

118.    Plaintiff Prizevoits is a member of a protected class under the FCRA.

119.    Plaintiff Prizevoits was subjected to disparate treatment on account of her pregnancy and was terminated by Defendants because she was pregnant.

120.    Defendants' actions were willful and done with malice.

121.    Plaintiff Prizevoit was injured due to Defendants' violations of the FCRA, for which she is entitled to relief.

***WHEREFORE***, Plaintiff demands:

bb)    A jury trial on all issues so triable;

cc)    That process issue and this Court take jurisdiction over the case;

dd)    Compensation for lost wages, benefits, and other remuneration;

ee)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

ff)    Any other compensatory damages, including emotional distress, allowable at law;

gg)     Punitive damages;

hh)     Prejudgment interest on all monetary recovery obtained.

ii)     All costs and attorney's fees incurred in prosecuting these claims; and

jj)     For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA RETALIATION
### (AS TO BOTH PLAINTIFFS)

122.   Plaintiffs reallege and readopt the allegations of paragraphs 1-21, 22, 25, and 26-80 of this Complaint, as though fully set forth herein.

123.   Plaintiffs are members of a protected class under the FCRA.

124.   Plaintiffs engaged in protected activity under the FCRA by reporting the sexual harassment and discrimination to their superiors and Defendants' Human Resources.

125.   Defendants retaliated against Plaintiffs for engaging in protected activity under the FCRA by terminating Plaintiffs' employment.

126.   Defendants' actions were willful and done with malice.

127.   By terminating Plaintiffs' employment, Defendants took material adverse action against Plaintiffs.

128.   Plaintiffs were injured due to Defendants' violations of the FCRA, for which Plaintiffs are entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiffs demand:

h)     A jury trial on all issues so triable;

i) That process issue and that this Court take jurisdiction over the case;

j) That this Court enter a declaratory judgment, stating that Defendants interfered with Plaintiffs' rights under the FCRA;

k) Compensation for lost wages, benefits, and other remuneration;

l) Reinstatement of Plaintiffs to a position comparable to their prior positions, with back pay plus interest, pension rights, and all benefits;

m) Front pay;

n) Any other compensatory damages, including emotional distress, allowable at law;

o) Punitive damages;

p) Prejudgment interest on all monetary recovery obtained.

q) All costs and attorney's fees incurred in prosecuting these claims; and

r) For such further relief as this Court deems just and equitable.

## **COUNT III – ADAAA VIOLATION**

### **(DISABILITY DISCRIMINATION AS TO PLAINTIFF PRIZEVOITS)**

129. Plaintiff Prizevoits realleges and readopts the allegations of paragraphs 1-21, 22, 26, and 60-80 of this Complaint, as though fully set forth herein.

130.   Plaintiff Prizevoits is a member of a protected class under the ADAAA.

131.   Plaintiff Prizevoits was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

132.   Specifically, Defendants terminated Plaintiff Prizevoits nine days after she experienced complications during premature childbirth.

133.   Defendants' actions were willful and done with malice.

134.   Plaintiff Prizevoits was injured due to Defendants' violations of the ADAAA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter an injunction restraining continued violation of the ADA;

d)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)   Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)   Any other compensatory damages, including emotional distress, allowable at law;

h)   Punitive damages;

i)       Prejudgment interest on all monetary recovery obtained.

j)       All costs and attorney's fees incurred in prosecuting these claims;

k)       For such further relief as this Court deems just and equitable.

## COUNT I — ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION
## AS TO PLAINTIFF PRIZEVOITS)

135.    Plaintiff realleges and readopts the allegations of Paragraphs 1-21, 22, 26, and 60-80  of this Complaint, as though fully set forth herein.

136.    Plaintiff is disabled, or was perceived by Defendants as being disabled.

137.    Defendants failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

138.    Defendants' actions were willful and done with malice.

139.    Plaintiff was injured due to Defendants' violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a)      A jury trial on all issues so triable;

(b)      That process issues and that this Court take jurisdiction over the case;

(c)      An injunction restraining continued violation of  law enumerated herein;

(d)      Compensation for lost wages, benefits, and other remuneration;

22

(e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)    Compensatory damages, including emotional distress, allowable at law;

(g)    Punitive damages;

(h)    Prejudgment interest on all monetary recovery obtained;

(i)    All costs and attorney's fees incurred in prosecuting these claims; and

(j)    For such further relief as this Court deems just and equitable.

## COUNT II – ADA RETALIATION
## (AS TO PLAINTIFF PRIZEVOITS)

140.    Plaintiff realleges and readopts the allegations of paragraphs 1-21, 22, 26, and 60-80 of this Complaint, as though fully set forth herein.

141.    As a qualified individual with a disability whom Defendants knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

142.    Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

143.    Defendants retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

144.    Defendants' actions were willful and done with malice.

145.    The adverse employment action that Defendants took against Plaintiff was material.

146.    Plaintiff was injured due to Defendants' violations of the ADA, for which she is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

s)    A jury trial on all issues so triable;

t)    That process issue and that this Court take jurisdiction over the case;

u)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

v)    That this Court enter an injunction restraining continued violation of the ADA;

w)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

x)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

y)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

z)    Any other compensatory damages, including emotional distress, allowable at law;

aa)    Punitive damages;

bb)    Prejudgment interest on all monetary recovery obtained.

cc)    All costs and attorney's fees incurred in prosecuting these claims; and

dd)    For such further relief as this Court deems just and equitable.

## COUNT III — FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION AS TO PLAINTIFF PRIZEVOITS)

147.    Plaintiff realleges and readopts the allegations of Paragraphs 1-21, 22, 26, and 60-80 of this Complaint, as though fully set forth herein.

148.    Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

149.    Defendants failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

150.    Defendants' actions were willful and done with malice.

151.    Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issues and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of  the law enumerated herein;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)     Compensatory damages, including emotional distress, allowable at law;

g)     Punitive damages;

h)     Prejudgment interest on all monetary recovery obtained;

i)     All costs and attorney's fees incurred in prosecuting these claims; and

j)     For such further relief as this Court deems just and equitable.

## <u>COUNT IV – FCRA RETALIATION</u><br>(AS TO PLAINTIFF PRIZEVOITS)

152.    Plaintiff realleges and readopts the allegations of paragraphs 1-21, 22, 26, and 60-80 of this Complaint, as though fully set forth herein.

153.    Plaintiff is a member of a protected class under the FCRA.

154.    Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

155.    Defendants retaliated against Plaintiff for engaging in protected activity under the FCRA.

156.    Specifically, Defendants failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a

reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendants.

157. Defendants' actions were willful and done with malice.

158. Defendants took material adverse action against Plaintiff.

159. Plaintiff was injured by Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i)  Prejudgment interest on all monetary recovery obtained.

j)  All costs and attorney's fees incurred in prosecuting these claims; and

k)  For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 7th day of December, 2021.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**